

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1469

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1469
_____

ZHOA WANG CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A75 566 090)
Immigration Judge:  Donald Vincent Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2007

Before:  FISHER, STAPLETON and COWEN, *Circuit Judges*.

(Filed: December 5, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Zhao Wang Chen[1] seeks review of an order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ's") denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Chen, a native and citizen of China, entered the United States early in 1996 without inspection by immigration officials. After he had filed an application requesting asylum and withholding of removal, the Immigration and Naturalization Service ("INS," now Immigration and Customs Enforcement, "ICE") served him with a Notice to Appear, charging him with removability.

Chen's application was based upon the fact that his wife underwent forced abortions three times. In addition, Chen and his wife were fined after the birth of their second child, which was a violation of China's one-child policy. After the birth of the second child, the authorities told Chen's wife that she would be required to be sterilized.

_____

[1]Documents generated by the Office of the Clerk for this Court alternately list petitioner's given name as "Zhoa" or "Zoa." However, the spelling used consistently in agency proceedings is "Zhao."

However, she had a heart condition that prevented her from being able to safely undergo this surgery. Chen believed that the authorities would require him to be sterilized instead, and he fled.

At his hearing, Chen testified as to the events and dates relevant to his application, including the dates of the abortions. Chen also presented documentation including abortion certificates, receipts for payment of the fine for the second child's birth, certificates showing the insertion of an IUD birth control device, and medical records regarding his wife's heart condition. However, these documents were not authenticated according to agency regulations, and the IJ accorded them little weight.

On August 12, 1999, IJ Donald Vincent Ferlise denied Chen's applications on the merits, finding that he lacked credibility. Chen appealed. On December 17, 2002, the BIA reversed the IJ's decision, concluding that it was not based upon substantial evidence.

At Chen's hearing on remand on October 18, 2004, Chen's attorney stated that he wished to rest on the record. The IJ interpreted Chen's attorney as having waived direct examination. The hearing proceeded with cross examination by the government. After protesting that he wished to rest on his prior testimony, Chen followed the directions of the IJ and answered the government's questions. However, he provided little information, stating repeatedly that he did not remember the answers to the questions. He was unable to recall the dates or even the years of his wife's three abortions. In addition,

3

he was unable to recall details about the forced insertions of IUDs and the fine for his second child's birth. He had testified as to all of these facts in his initial hearing.

At the conclusion of the hearing, the IJ again denied Chen's applications for relief. The IJ found that Chen lacked credibility, stating that he had memorized "fraudulent" facts, which he "regurgitated" at his first hearing and then forgot by the time of his second hearing. The IJ found that Chen had filed frivolous applications for asylum and withholding and ordered his removal to the People's Republic of China.

The BIA affirmed this second determination without opinion. Chen filed a timely notice of appeal.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where the BIA summarily affirms an order of removal, we review the IJ's decision. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). We review the IJ's decision, including his credibility determinations, under the deferential "substantial evidence" standard. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). "If the IJ's conclusion is not based on a specific, cogent reason, but, instead, is based on speculation, conjecture, or an otherwise unsupported personal opinion . . . it will not have been supported by substantial evidence." *Id.* at 250. A finding is not supported by substantial evidence only where "no reasonable fact finder could make that finding on the administrative record." *Id.* at 249.

An alien may qualify for asylum if he can prove that he has experienced persecution or has a "well-founded fear of persecution on account of race, religion,

4

nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, an applicant must present credible evidence demonstrating a "clear probability" of persecution if removed to a particular country. *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984). To qualify for relief under the CAT, an applicant must demonstrate that it is more likely than not that he will be tortured if removed. *Obale v. Att'y Gen.*, 453 F.3d 151, 161 (3d Cir. 2006).

### III.

Chen argues that the IJ's decision was not based on substantial evidence. He states that he presented sufficient evidence of his wife's forced abortions and that the IJ improperly focused on his credibility rather than the forced nature of the abortions. In addition, Chen claims that his inability to answer questions at his second hearing was due to "memory loss, extreme nervousness, and lack of formal education."

It is true that Chen presented several documents purported to be abortion certificates and other relevant documentation. However, because Chen made no effort to authenticate these documents, according to ICE rules or otherwise, *see Liu v. Ashcroft*, 372 F.3d 529 (3d Cir. 2004), we defer to the IJ's determination that they were to be accorded little weight. The IJ's focus on Chen's credibility, rather than the forced nature of the abortions, was not inappropriate because the IJ found that Chen's lack of credibility undermined his testimony as to the abortions.

Chen's second argument, that his inability to testify was due to a variety of factors that do not implicate his credibility, may very well be accurate. We believe it is possible

5

that memory loss, nervousness, and lack of education could prevent Chen from being able to testify accurately at his second hearing. However, we are constrained by the "substantial evidence" standard of review. We cannot say that no reasonable fact finder would have made the determination that Chen lacked credibility, especially in light of his relatively clear, detailed testimony at his first hearing. *Dia*, 353 F.3d at 249.

It seems to us, as we review the record, that the IJ probably put forth "speculation, conjecture, or . . . otherwise unsupported personal opinion[s]" in both his first and second rulings. *Id.* at 250. However, the heart of his determination was that the contrast between Chen's two hearings – his detailed testimony at the first hearing and his almost complete memory loss at the second hearing – demonstrated that the testimony at the first hearing was not true and had been memorized for the purpose of the hearing. We are unable to say that this determination was not supported by substantial evidence on the record as a whole.

## IV.

For the foregoing reasons, we will affirm the BIA and deny Chen's petition for review.

6